1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9  CORY DWAYNE MICHEIMER,                CASE NO. 1:10-cv-00340-OWW-GBC PC

10                    Plaintiff,          FINDINGS AND RECOMMENDATIONS
                                          RECOMMENDING DENYING MOTIONS
11        v.                              FOR PRELIMINARY INJUNCTION

12  UNITED STATES POSTAL SERVICE,         (Docs. 11, 12)
    et al.,
13                                        DEADLINE THIRTY DAYS
                      Defendants.
14  _____/

15
16        Plaintiff Cory Dwayne Micheimer ("Plaintiff") is a state prisoner proceeding pro se and in
17  forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This action was filed on
18  September 15, 2009, alleging interference with mail.  (Doc. 1.)  On May 24, 2010, Plaintiff filed a
19  motion seeking to be removed from the custody of the California Department of Corrections and
20  Rehabilitation and a notice of his inability to serve Defendants in this action.  (Docs. 11, 12.)  In
21  Plaintiff's motion for injunctive relief he states that from July 22, 1998, until May 18, 2003, he was
22  denied being able to make or receive telephone calls.  (Doc. 11, p. 2.)  In his notice of inability to
23  serve, Plaintiff states that employees under supervision of the law librarian will not allow him to
24  make copies of the complaint so he can serve Defendants.  (Doc. 12, p. 1.)

25        "A preliminary injunction is an extraordinary remedy never awarded as of right."  Winter v.
26  Natural Resources Defense Council, Inc., 129 S. Ct. 365, 376 (2008) (citation omitted).  "A plaintiff
27  seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is
28  likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips

1

1  in his favor, and that an injunction is in the public interest." Id. at 374 (citations omitted).  An

2  injunction may only be awarded upon a *clear showing* that the plaintiff is entitled to relief. Id. at 376

3  (citation omitted) (emphasis added).

4       Federal courts are courts of limited jurisdiction and in considering a request for preliminary

5  injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before

6  it an actual case or controversy.  City of Los Angeles v. Lyons, 461 U.S. 95, 102 (1983); Valley

7  Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471

8  (1982).  If the Court does not have an actual case or controversy before it, it has no power to hear

9  the matter in question.  Valley Forge Christian Coll., 454 U.S. at 471; also Steel Co. v. Citizens for

10  a Better Env't, 523 U.S. 83, 94 (1998).  The Prison Litigation Reform Act also places limitations on

11  injunctive relief.  Section 3626(a)(1)(A) provides in relevant part, "Prospective relief in any civil

12  action with respect to prison conditions shall extend no further than necessary to correct the violation

13  of the Federal right of a particular plaintiff or plaintiffs."

14       The case or controversy requirement cannot be met in light of the fact that the issue Plaintiff

15  seeks to remedy in his motion bears no relation to the claim that his mail is being interfered with.

16  Lyons, 461 U.S. at 102; 18 U.S.C. § 3626(a)(1)(A); also Summers v. Earth Island Inst., 129 S. Ct.

17  1142, 1148-49 (2009); Steel Co., 523 U.S. at 102-04, 107.  Because the case-or-controversy

18  requirement cannot be met, the pendency of *this* action provides no basis upon which to award

19  Plaintiff injunctive relief.  Steel Co., 523 U.S. at 102-103.

20       Additionally, Plaintiff is advised that because he is proceeding in forma pauperis, he is

21  entitled to have process served on his behalf by the United States Marshal. 28 U.S.C. § 1915(d);

22  Fed. R. Civ. P. 4(c)(3).  However, as set forth in the Court's First Informational Order, the Marshal

23  will be directed to initiate service of process only after Plaintiff's complaint has been screened and

24  found to state cognizable claims for relief. 28 U.S.C. § 1915A; Doc. 5, First Informational Order,

25  ¶12. Due to the heavy caseload, Plaintiff's complaint is still awaiting screening. The Court is aware

26  of the pendency of this case and will screen Plaintiff's complaint in due course.

27       Accordingly, it is recommended that Plaintiff's motions for preliminary injunctive relief,

28  filed May 24, 2010, be DENIED, with prejudice, for lack of jurisdiction.

It is ordered that this finding and recommendation be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).   Within **THIRTY (30) DAYS** after being served with the finding and recommendation, Plaintiff may file written objections with the Court.   The document should be captioned "Objections to Magistrate Judge's Finding and Recommendation."   Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.   Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   December 30, 2010

UNITED STATES MAGISTRATE JUDGE