1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORY DWAYNE MICENHEIMER, | 1:10-cv-00340-OWW-GBC (PC) |
| Plaintiff, | ORDER TO SHOW CAUSE REGARDING EXHAUSTION |
| v. | (Doc. 1) |
| UNITED STATES POSTAL SERVICE, et al., | |
| Defendants. | |
| _____/ | |

**I. Factual and Procedural Background**

　　Cory Micenheimer ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.  On September 15, 2009, Plaintiff filed his original complaint.  On page two of the form complaint, Plaintiff asserts that all stages of the administrative appellate process have been "bypass[ed]" and directs the Court to attachments to the complaint in order to explain why he did not present his claim through the traditional grievance procedure.  (Doc. 1, Comp., p. 2).  Attached to Plaintiff's complaint, on page 17, there is a letter dated February 2, 2001, from the undersecretary at the Youth and Adult Correctional Agency which states that Plaintiff has filed "several inmate appeals . . . [regarding] property and legal mail issues."  The letter states that the appeals were awaiting re-submission from Plaintiff and that appeal log # CSP-C-00-00896 was still going through the appellate process.  (Doc. 1 at p. 17).

///

///

1

**II. Exhaustion Requirement**

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available administrative remedies prior to filing suit. *Jones v. Bock*, 127 S.Ct. 910, 918-19 (2007); *McKinney v. Carey*, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). The Court must dismiss a case without prejudice even when there is exhaustion while the suit is pending. *Lira v. Herrera*, 427 F.3d 1164, 1170 (9th Cir. 2005).

Exhaustion is required regardless of the relief sought by the prisoner. *Booth v. Churner*, 532 U.S. 731, 741, 121 S.Ct. 1819 (2001). A prisoner must "must use all steps the prison holds out, enabling the prison to reach the merits of the issue." *Griffin v. Arpaio*, 557 F.3d 1117, 1119 (9th Cir. 2009); *see also Brown v. Valoff*, 422 F.3d 926, 935 (9th Cir. 2005). A prisoner's concession to non-exhaustion is valid grounds for dismissal so long as no exception to exhaustion applies. 42 U.S.C. § 1997e(a); *Wyatt v. Terhune*, 315 F.3d 1108, 1120 (9th Cir. 2003).

The Court takes judicial notice of the fact that the California Department of Corrections and Rehabilitation has an administrative grievance system for prisoner complaints. Cal. Code Regs., tit. 15 § 3084.1 (2008). The process is initiated by submitting a CDC Form 602. Id. at § 3084.2(a). Four levels of appeal are involved, including the informal level, first formal level, second formal level, and third formal level, also known as the "Director's Level." Id. at § 3084.5. Appeals must be submitted within fifteen working days of the event being appealed, and the process is initiated by submission of the appeal to the informal level, or in some circumstances, the first formal level. Id. at §§ 3084.5, 3084.6(c). Where a prisoner asks for accommodation for an ADA disability, the filing of the "request for accommodation form" along with completion of the appeal process thereafter satisfies PLRA exhaustion. *Butler v. Adams*, 397 F.3d 1181 (9th Cir.2005).

In order to satisfy section 1997e(a), California state prisoners are required to use the available process to exhaust their claims prior to filing suit. *Woodford v. Ngo*, 548 U.S. 81, 126 S.Ct. 2378, 2383 (2006); *McKinney*, 311 F.3d at 1199-1201. "[E]xhaustion is mandatory under the PLRA and

1   . . . unexhausted claims cannot be brought in court." *Jones*, 127 S.Ct. at 918-19 (citing *Porter*, 435

2   U.S. at 524).  "All 'available' remedies must now be exhausted; those remedies need not meet

3   federal standards, nor must they be 'plain, speedy, and effective.'" *Porter*, 534 U.S. at 524 (quoting

4   *Booth*, 532 U.S. at 739 n.5).

5          The Court may disregard factual allegations that are contradicted by exhibits attached to the

6   complaint. *Tyler v. Cuomo*, 236 F.3d 1124, 1131 (9th Cir. 2000); *Durning v. First Boston Corp.*,

7   815 F.2d 1265, 1267 (9th Cir. 1987).  Attached to Plaintiff's complaint, is a letter dated February

8   2, 2001, from the undersecretary at the Youth and Adult Correctional Agency which states that

9   Plaintiff has filed "several inmate appeals . . . [regarding] property and legal mail issues."  The letter

10  states that the appeals were awaiting re-submission from Plaintiff and that appeal log # CSP-C-00-

11  00896 was still going through the appellate process.  (Doc. 1 at p. 17).  The Court finds that

12  Plaintiff's assertion that he has exhausted administrative remedies is contradicted by documents

13  attached which describe his repeated failure to follow administrative procedure in order to properly

14  exhaust administrative remedies.

15

16  **III.    Conclusion and Order**

17          Because it appears that Plaintiff has not completed the grievance process, the Court

18  HEREBY ORDERS:

19          1.      Plaintiff SHALL SHOW CAUSE why the action should not be dismissed for

20                  failure to exhaust administrative remedies withing thirty (30) days of the date of

21                  service of this order.

22

23  IT IS SO ORDERED.

24

25  Dated:     May 2, 2011

                                                  _____
                                                  UNITED STATES MAGISTRATE JUDGE

26

27

28

                                        3