**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORY DWAYNE MICENHEIMER,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>UNITED STATES POSTAL SERVICE, et al.,<br><br>　　　　Defendants. | 1:10-cv-00340-OWW-GBC (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF CLAIMS AS TIME BARRED, FOR FAILURE TO STATE A CLAIM AND FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES<br><br>(Doc. 1) |

### I.　Factual and Procedural Background

Cory Micenheimer ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. On September 15, 2009, Plaintiff filed his original complaint. On May 2, 2011, the Court issued an Order to Show Cause regarding Plaintiff's apparent failure to exhaust administrative remedies. (Doc. 17). On May 31, 2011, Plaintiff filed a response to the Court's Order to Show Cause. (Doc. 18).

### II.　Screening Requirement

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

**A.     Failure to State a Claim**

The Court may disregard factual allegations that are contradicted by exhibits attached to the complaint. *Tyler v. Cuomo*, 236 F.3d 1124, 1131 (9th Cir. 2000); *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987). Although Plaintiff states that officials have been "holding mail, tampering with mail, damaging mail" from 1997 to the date of filing the complaint in 2009, Plaintiff has attached correspondence which demonstrates that he has been able to send and receive numerous mailings over the years and that officials have been responsive to his repeated complaints. (Doc. 1).

One of many examples demonstrating that his mail is not being interfered with is shown in his attachment dated December 4, 2000, indicating that Plaintiff received correspondence from the Department of Corrections Office of Internal Affairs stating that he must submit his complaint with the U.S. Postal Service. (Doc. 1 at 14). Once again, the Department of Corrections Office of Internal Affairs sent a follow up letter on December 27, 2000, which indicated that Plaintiff was contradicting the content of his original complaint with untrue statements. (Doc. 1 at 15). On February 2, 2001, Plaintiff has also received responses from the Youth and Adult Correctional Agency regarding his appeal issues. (Doc. 1 at 17). On December 18, 2001, the Warden at California State Prison, Corcoran detailed how his office had received Plaintiff's correspondence and that "[o]ver the course of a three-year period . . . [Plaintiff] ha[s] mailed in excess of seventy correspondences of legal mail to various judicial institutions regarding fictitious issues." (Doc. 1 at 19).

Plaintiff fails to explain how correspondence from over ten years ago is relevant or would demonstrate that a cognizable injury occurred within the statute of limitations. The most recent correspondence that Plaintiff attaches is a letter from the State Bar of California which appears to be in response to a letter he sent on February 2, 2009. (Doc. 1-1 at 14-15).

As Plaintiff's exhibits contradicts his claim that he is being denied the right to send and receive mail, Plaintiff has failed to state a cognizable claim.

### III. Statute of Limitations

Federal law determines when a claim accrues, and "[u]nder federal law, a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Maldonado v. Harris*, 370 F.3d 945, 955 (9th Cir. 2004); *Fink v. Shedler*, 192 F.3d 911, 914 (9th Cir. 1999). Because section 1983 contains no specific statute of limitation, federal courts apply the forum state's statute of limitations. *Jones v. Blanas*, 393 F.3d 918, 927 (2004); *Maldonado*, 370 F.3d at 954; *Fink*, 192 F.3d at 914. California's statute Cal. Civ. Proc. Code § 338 creating a three year statute of limitations for "an action upon a liability created by statute . . ." applies as section 1983 is the statute that creates liability for Plaintiff's claims of violations to his first amendment rights to access and send mail.[1] Cal. Civ. Proc. Code § 338 (West 2010); *Jones*, 393 F.3d at 927.

In actions where the federal court borrows the state statute of limitation, courts should also borrow all applicable provisions for tolling the limitations period found in state law. *Jones*, 393 F.3d at 927. Under California law, prisoners who at the time the cause of action accrued were either imprisoned on a criminal charge or serving a sentence of less than life for a criminal conviction enjoy a two-year tolling provision for damages actions. Cal. Civ. Proc. Code § 352.1 (West 2010). As it appears most of Plaintiff's claims involve actions which occurred prior to 2001, Plaintiff's claims are time-barred. Even in considering the span of years that Plaintiff is alleging that violations occurred, for the events that occurred before 2004, Plaintiff's claims are time barred. *Knox v. Davis, 260 F.3d 1009*, 1013 (9th Cir.2001) (a § 1983 "'claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action'" (citation omitted)); Cal. Civ. Proc. Code § 338; Cal. Civ. Proc. Code § 352.1.

### II. Exhaustion Requirement

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner

---

[1] More frequently 1983 actions involve excessive force claims and thus courts generally apply Cal. Civ. Proc. Code § 335.1 (West 2010) for the statute of limitations. However, as this case does not involve battery or physical injury, the Court finds Cal. Civ. Proc. Code § 338 (West 2010 (effective January 1, 2007 to December 31, 2010)) more appropriate.

confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available administrative remedies prior to filing suit. *Jones v. Bock*, 127 S.Ct. 910, 918-19 (2007); *McKinney v. Carey*, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). The Court must dismiss a case without prejudice even when there is exhaustion while the suit is pending. *Lira v. Herrera*, 427 F.3d 1164, 1170 (9th Cir. 2005).

Exhaustion is required regardless of the relief sought by the prisoner. *Booth v. Churner*, 532 U.S. 731, 741, 121 S.Ct. 1819 (2001). A prisoner must "must use all steps the prison holds out, enabling the prison to reach the merits of the issue." *Griffin v. Arpaio*, 557 F.3d 1117, 1119 (9th Cir. 2009); *see also Brown v. Valoff*, 422 F.3d 926, 935 (9th Cir. 2005). A prisoner's concession to non-exhaustion is valid grounds for dismissal so long as no exception to exhaustion applies. 42 U.S.C. § 1997e(a); *Wyatt v. Terhune*, 315 F.3d 1108, 1120 (9th Cir. 2003).

The Court takes judicial notice of the fact that the California Department of Corrections and Rehabilitation has an administrative grievance system for prisoner complaints. Cal. Code Regs., tit. 15 § 3084.1 (2008). The process is initiated by submitting a CDC Form 602. Id. at § 3084.2(a). Four levels of appeal are involved, including the informal level, first formal level, second formal level, and third formal level, also known as the "Director's Level." Id. at § 3084.5. Appeals must be submitted within fifteen working days of the event being appealed, and the process is initiated by submission of the appeal to the informal level, or in some circumstances, the first formal level. Id. at §§ 3084.5, 3084.6(c). Where a prisoner asks for accommodation for an ADA disability, the filing of the "request for accommodation form" along with completion of the appeal process thereafter satisfies PLRA exhaustion. *Butler v. Adams*, 397 F.3d 1181 (9th Cir.2005).

In order to satisfy section 1997e(a), California state prisoners are required to use the available process to exhaust their claims prior to filing suit. *Woodford v. Ngo*, 548 U.S. 81, 126 S.Ct. 2378, 2383 (2006); *McKinney*, 311 F.3d at 1199-1201. "[E]xhaustion is mandatory under the PLRA and . . . unexhausted claims cannot be brought in court." *Jones*, 127 S.Ct. at 918-19 (citing *Porter*, 435 U.S. at 524). "All 'available' remedies must now be exhausted; those remedies need not meet federal standards, nor must they be 'plain, speedy, and effective.'" *Porter*, 534 U.S. at 524 (quoting

4

*Booth*, 532 U.S. at 739 n.5).

In Plaintiff's response to the Court's order to show cause, he attaches a director's level appeal decision dated July 16, 2001. (Doc. 18 at 9). As discussed above, claims arising out of conduct prior to 2004 is time barred. As is apparent from Plaintiff's submission of exhaustion documents that are over ten years old, Plaintiff has not demonstrated that he has exhausted administrative remedies for any alleged violations that have occurred after 2004.

### III.    Conclusion and Reccomendations

Because Plaintiff's claims prior to 2004 are time barred, Plaintiff's claims after 2004 have not been exhausted and Plaintiff's documents contradict his assertions such that Plaintiff fails to state a claim, the Court HEREBY RECOMMENDS:

1. This action be DISMISSED WITH PREJUDICE for failure to state a claim;
2. Claims prior to 2004 be DISMISSED WITH PREJUDICE as time-barred;
3. Claims after 2004 be DISMISSED for failure to exhaust administrative remedies; and
4. The clerk of court close the case.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir.1991).

IT IS SO ORDERED.

Dated:    August 3, 2011

UNITED STATES MAGISTRATE JUDGE